**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

DAVID C. MAYHEW,

                Plaintiff,

v.                                     CIVIL ACTION NO.   5:17-cv-02666

D. L. YOUNG and
W. PISTORY,

                Defendants.


**MEMORANDUM OPINION AND ORDER**


The Court has reviewed the Plaintiff's *pro se Verified Complaint for Damages and Injunctive Relief* (Document 2), brought on the grounds that prison employees physically assaulted him by using physical force without just cause, and further proceeded to author a false incident report and place the Plaintiff in a Special Housing Unit. By Standing Order (Document 8) entered on May 2, 2017, this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation, pursuant to 28 U.S.C. § 636. On December 11, 2017, Magistrate Judge Aboulhosn submitted a *Proposed Findings and Recommendation* (PF&R) (Document 35), wherein it was recommended that this Court deny the Plaintiff's motion for a temporary restraining order and preliminary injunction, grant the Defendants' motion for summary judgment, dismiss the Plaintiff's complaint, and remove this matter from the Court's docket. On December 19 and December 26, 2017, the Plaintiff filed motions for reconsideration, arguing that he never received a copy of the Defendants'

motion for summary judgment and requesting that the Court allow him to file a response and reconsider the Defendants' motion.   In a January 2, 2018 *Order* (Document 38), Magistrate Judge Aboulhosn granted the Plaintiff's motion to reconsider and directed him to file his response to the Defendants' motion for summary judgment.   On February 14, 2018, after receiving the Plaintiff's response, Magistrate Judge Aboulhosn submitted an *Amended Proposed Findings and Recommendation* (Amended PF&R) (Document 42), recommending that the Plaintiff's motion for a temporary restraining order and preliminary injunction be denied, the Defendants' motion for summary judgment be granted, and the case be dismissed from the Court's docket.   The Plaintiff timely objected to the Amended PF&R.   For the reasons stated herein, the Court finds that the Plaintiff's objections should be overruled.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Magistrate Judge Aboulhosn's PF&R sets forth in great detail the procedural and factual history surrounding the Plaintiff's claims.   The Court now incorporates by reference those facts and procedural history.   In order to provide context for the ruling herein, the Court provides the following summary.

Plaintiff David Mayhew filed his complaint on May 2, 2017.   He named as Defendants D.L. Young and W. Pistory, both in their individual capacities.   On that same date, Mr. Mayhew also filed a *Motion Requesting a Temporary Restraining Order and a Preliminary Injunction Seeking Emergency Relief* (Document 3).   The Plaintiff originally filed this action as a motion for relief pursuant to 42 U.S.C. § 1983.   However, on June 1, 2017, he filed two separate motions seeking to amend his complaint to be construed as a complaint against federal officers and employees under *Bivens v. Six Unknown Federal Agents of the Federal Bureau of Narcotics*, 403

U.S. 388 (1971). On June 5, 2017, Magistrate Judge Aboulhosn entered an Order (Document 17) granting said motion and amending the Plaintiff's complaint as such. On September 28, 2017, the Defendants filed their *Motion for Summary Judgment* (Document 31), *Memorandum of Law in Support* (Document 32), and supporting exhibits. As previously stated, the Plaintiff failed to respond to the Defendants' summary judgment motion. However, after Judge Aboulhosn granted his motion for reconsideration and a *Motion to Request Extension* (Document 39), the Plaintiff filed his *Reply to Defendants' Motion for Summary Judgment* (Document 41) on February 5, 2018. Magistrate Judge Aboulhosn entered his Amended PF&R on February 14, 2018, and the Plaintiff filed his *Reply to Court's Recommendation* (Document 43)[1] on February 26, 2018.

Mr. Mayhew was an inmate at FCI Beckley in Beaver, West Virginia. On March 21, 2017, the Plaintiff was walking past the chapel at FCI Beckley "to the FCI Beckley Education Department law library" when a fight allegedly broke out between other inmates. (D. Mayhew Declaration at ¶ 5) (Document 4.) The Plaintiff states that he was already "on the ground" when several officers ran out of the chapel and "one of them hit [Mr. Mayhew] and attempted to grab and tackle him." (*Id.* at ¶ 3.) One of the correctional officers was Defendant Pistory, who continued to demand that the Plaintiff get on the ground, even though he "was already on the ground." (*Id.* at ¶ 5.) Mr. Pistory "attempted to be demeaning, obnoxious, and us[e] 'excessive force' when ordering [the Plaintiff] to 'lay lower' on the ground" as the altercation continued. (*Id.* at ¶ 6.) As the altercation continued, another correctional officer "attempted to provoke a response from the Plaintiff," but the Plaintiff kept his composure during the incident. (*Id.* at ¶ 7.)

---

1 While the Plaintiff's document is not labeled as such, the Court construes the *Reply to Court's Recommendation* as the Plaintiff's objections to the Magistrate Judge's Amended PF&R.

Once Mr. Pistory and other officers got the Plaintiff to his feet, they escorted him to the Special Housing Unit (SHU). (*Id.*)   In the SHU, he was placed inside "a filthy cell saturated with black mold, flies and inadequate air ventilation."   (*Id.* at ¶ 9.)   He was denied telephone and email contact and given no access to his blood pressure medication, resulting in severe headaches.   (*Id.* at ¶ 10-12.)   Mr. Mayhew alleges that these actions violated his rights under the Fifth, Sixth, and Eighth Amendments, and that the Defendant Mr. Young was aware of these violations and failed to protect him.   (Compl. at ¶ 21.)   Mr. Mayhew filed an administrative complaint against Mr. Pistory on March 29, 2017, and initiated his administrative remedies process.   While that process was still ongoing, the Plaintiff filed this complaint.

## STANDARD OF REVIEW

### A.     *Objections to PF&R*

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."   *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).   When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction.   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

*B. Summary Judgment*

The well-established standard for consideration of a motion for summary judgment is that summary judgment should be granted if the record, including the pleadings and other filings, discovery material, depositions, and affidavits, "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); see also *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013).

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the nonmoving party must satisfy its burden of showing a genuine factual dispute by offering more than "[m]ere speculation" or a "scintilla of evidence" in support of its position. *Anderson*, 477 U.S. at 252; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at

250.  On the other hand, if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 322–23.

## DISCUSSION

The Magistrate Judge recommended that the Plaintiff's constitutional claims brought pursuant to *Bivens v. Six Unknown Federal Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) be dismissed because the Plaintiff failed to exhaust the available administrative remedies before filing this complaint.   According to the Magistrate Judge, Mr. Mayhew initiated the process and filed his first Administrative Remedy Request on April 5, 2017.   (Amended PF&R at 15.)   This first request was directed to the warden of FCI Beckley, Mr. Young, and was denied by the warden on April 13, 2017.   The Plaintiff asserted that he did not receive the response from the warden until April 19, 2017.   (*Id.*)   The Plaintiff then began preparing both his Regional Administrative Remedy Appeal, to be filed with the Regional Director, and at the same time began preparing the complaint that initiated this action.   (*Id.*)   On May 2, 2017, this Court received and filed the Plaintiff's complaint, and on May 23, 2017, the Bureau of Prisons MARO Regional Counsel received the Plaintiff's Regional Administrative Remedy Appeal.   (*Id.*)   Based on this timeline, the Magistrate Judge found that the Plaintiff failed to exhaust his available administrative remedies before filing the complaint at issue, and therefore found that the Defendants' motion for summary judgment should be granted.

The Plaintiff's only objection is that he did exhaust his administrative remedies because FCI Beckley and the Bureau of Prisons failed to timely give him the warden's denial of his original

administrative remedy request filed on April 5, 2017.   The Plaintiff argues that the late arrival of the warden's response to his administrative remedy request should be added to the time allotted to him to file his regional appeal.   The Plaintiff further argues that, because he received the warden's response late, and because no one gave him extra time or confirmed to the regional office that it was not his fault that his regional administrative remedy appeal was not timely filed, his administrative remedies became unavailable at that time and allowed for the filing of this complaint.

*Bivens* established a cause of action against federal officials for the violation of an individual's Constitutional rights.   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).   The Prison Litigation Reform Act (PLRA) bars actions by inmates "until such administrative remedies as are available are exhausted."   42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 520 (2002) (holding that the "exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences" including incidents of assault).   The United States Supreme Court has held that the PLRA requires "proper exhaustion," including compliance with the procedures and deadlines established by the prison.   *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).   Such exhaustion is required "even where the relief sought—monetary damages—cannot be granted by the administrative process."   *Id.* at 85.   "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."   *Jones v. Bock*, 549 U.S. 199, 218 (2007).   "[I]f the grievance fails to give prison authorities fair notice of, and the opportunity to address, the problem that will later form the basis of the suit against that defendant, dismissal of that defendant

is appropriate." *Davidson v. Davis*, No. 3:13-CV-590-FDW, 2015 WL 996629, at *3 (W.D.N.C. Mar. 6, 2015) (dismissing a failure to supervise claim where the plaintiff's administrative grievance allegations focused on excessive force and did not mention failure to supervise).

In terms of exhaustion, however, a prisoner must only exhaust administrative remedies that are available, or "capable of use to obtain some relief for the action complained of." *Ross v. Blake*, 136 S.Ct. 1850, 1859 (2016) (internal citations omitted). The Supreme Court of the United States has established that an administrative remedy is not available where: (1) "despite what regulations or guidance materials may promise it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," (2) it "might be so opaque that it becomes, practically speaking, incapable of use" such that "no ordinary prisoner can discern or navigate it," or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60. For the purposes of an action under *Bivens*, exhaustion of all available remedies "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 91.

Pursuant to 28 C.F.R. § 542.10 *et seq.*, the Federal Bureau of Prisons (BOP) has an established Administrative Remedies Program an inmate can use to seek review of complaints against correctional staff. This program creates a three or four-step process an inmate must follow. First, within twenty (20) days of the occurrence the inmate wishes to address, the inmate must submit a formal Administrative Remedy Request on a BP-9 form to the institutional staff member designated to receive such requests, generally the Warden of the institution in which the

inmate is confined. 28 C.F.R. § 542.14(a) and (c)(4). The Warden must then respond to the inmates request within twenty (20) days. *Id.* at § 542.18. If the Warden's response to the inmate's request was unfavorable, the inmate may appeal to the Regional Director[2] on a BP-10 form "within 20 calendar days of the date the Warden signed the response." *Id.* at § 542.15(a). The Regional Director then has thirty (30) days to respond to the BP-10 appeal. *Id.* at § 542.18. If the Regional Director's response is also unfavorable to the inmate, the inmate may, within thirty (30) days of receiving the response, appeal to the General Counsel on a BP-11 form. *Id.* at § 542.15(a). The General Counsel then has forty (40) calendar days to issue a decision on the appeal. *Id.* at § 542.18. Once the General Counsel has ruled on the inmate's appeal, the administrative remedy process is considered exhausted. *Id.* at § 542.15(a).

Here, the records reflect that the Plaintiff filed his BP-9 with the Warden of FCI-Beckley on April 5, 2017, and that the same Administrative Remedy Request was denied on April 13, 2017. (S. Wahl Declaration at ¶ 4) (Document 31, Ex. 1). According to the appeals process, the Plaintiff had until May 3, 2017, to appeal the Warden's response to the Regional Director on a BP-10 form. The Plaintiff's objection argues that he did not receive the Warden's denial of his Administrative Remedy Request until April 19, 2017, six days after it had already been denied, and that this time should have been added to his time to appeal the Warden's decision. However, even if the Plaintiff did not receive the Warden's response until April 19, 2017, that left him fourteen (14) calendar days to prepare and file his BP-10 appeal. This Court received and marked as filed the Plaintiff's complaint on May 2, 2017, one day before the deadline to file his BP-10 appeal with

---

2 In certain special circumstances, the inmate may file the first Administrative Remedy Request directly with the Regional Director, foregoing what would normally be the first step of the process. 28 C.F.R. § 542.14(d)(2). In this case, however, the Plaintiff filed his first BP-9 with the Warden of FCI-Beckley.

the Regional Director.   At that point, the Plaintiff had yet to file his appeal to the Regional Director.   Thus, the Plaintiff had not exhausted his available administrative remedies before filing his complaint with this Court.   His objection must therefore be overruled.

The Plaintiff further argues in his objection that his Regional Administrative Remedy Appeal of the Warden's decision did not arrive and get filed with the Regional Director until May 23, 2017, and that the delay in its arrival was the fault of the BOP.   When that appeal was denied by the Regional Director for being untimely, he could not access an officer to verify that it was not his fault that the appeal form was untimely filed, and the Plaintiff argues that this made his administrative remedies unavailable.   The Plaintiff states that "[he] was never informed, nor thought, that he was entitled to an extension, from a non-court entity, to wit, the BOP."   (Pl.'s Reply to Court's Recommendation, at 1) (Document 43).   If the Plaintiff needed more time to file his appeal, however, 28 C.F.R. § 542.15(a) provides for the extension of time limits for appeal "when the inmate demonstrates a valid reason" for delay.   Thus, this argument does not overcome the fact that the Plaintiff had not exhausted his administrative remedies process, and it was in fact still ongoing, when he filed his complaint with this Court.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiff's *Reply to Court's Recommendation* (Document 43) be **OVERRULED**, that the Magistrate Judge's *Amended Proposed Findings and Recommendation* (Document 42) be **ADOPTED**, that the Defendants' *Motion for Summary Judgment* (Document 31) be **GRANTED**, and that the Plaintiff's *Motion Requesting a Temporary Restraining Order and a Preliminary*

*Injunction Seeking Emergency Relief* (Document 3) be **DENIED**. The Court further **ORDERS** that this matter be **DISMISSED** and **STRICKEN** from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER:　　　March 12, 2017

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA